OPINION
Defendant-appellant, Christopher Quinn, appeals his conviction in the Butler County Court of Common Pleas for burglary and grand theft of a vehicle.
In the early morning hours of August 21, 1998, Quinn, George M. Thomas, III, Chad Taylor, and Rickey Harbrecht[1] broke into Daniel Frick's house at 3853 West Elkton Road, Hamilton, Butler County, Ohio. Harbrecht had discovered that the Frick family was on vacation and, believing that there was a large safe in the house, the defendants broke into the house through a first floor window. After failing to discover the safe, the defendants ransacked the house for valuables and began loading the Frick's 1990 Ford Escort, which was parked in the front drive, with stolen belongings. The defendants vandalized the house, urinating throughout the residence.
As a next door neighbor was retrieving his morning newspaper, he noticed the defendants loading up the Escort. The neighbor promptly notified the police. Upon being discovered, Thomas and Taylor fled the scene on foot, going to Harbrecht's mother's house. Quinn and Harbrecht drove off in the Escort. They later unloaded the stolen belongings and set the car on fire.
On October 5, 1998, the grand jury returned a five-count indictment against the defendants. As relevant to Quinn, Count One charged burglary, a violation of R.C. 2911.12(A)(3); Count Two charged grand theft of a motor vehicle, a violation of R.C. 2912.02(A)(1); Count Three charged arson, a violation of R.C.2909.03(A)(1); Count Four charged vandalism, a violation of R.C. 2902.05(A); and Count Five charged tampering with evidence, a violation of R.C. 2921.12(A)(1).
On November 10, 1998, Quinn entered a guilty plea to burglary and grand theft of a motor vehicle. After informing Quinn of his rights, and being assured that he was knowingly waiving those rights, the trial court heard the state's statements of the facts. The trial court then accepted the guilty plea.
On January 6, 1999, Quinn appeared for sentencing. After Quinn told the trial court that he was sorry for committing the crimes, the trial court heard from the victims. The trial court proceeded to sentence Quinn, finding that the crime was shocking to the conscience, "the worst possible form of the offense," and "unforgivable." The trial court ordered that Quinn serve a five-year term of imprisonment and pay a $10,000 fine on the burglary charge and serve an eighteen-month term of imprisonment on the grand theft of a vehicle charge, the sentences to be served concurrently. Quinn appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN SENTENCING HIM TO THE MAXIMUM STATED PRISON TERMS WITHOUT PROPERLY CONSIDERING THE SERIOUSNESS AND RECIDIVISM FACTORS AS REQUIRED BY OHIO REVISED CODE, SECTION 2929.12.
In his assignment of error, Quinn contests the trial court's determination that he serve the maximum prison terms for his offenses. Quinn asserts that the trial court failed to consider relevant sentencing factors. He argues that he should have been sentenced to less than the maximum allowable terms of imprisonment.
An appellate court may not disturb a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed must be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
The sentencing court is given wide discretion in determining the most effective way to comply with the purposes and principles of Senate Bill 2. "A reviewing court will not interfere with a sentence unless the trial court has abused its discretion." Statev. Yontz (1986), 33 Ohio App.3d 342, 343. Generally, a trial court does not abuse its discretion when imposing a sentence which is authorized by statute. State v. Beasley (1984), 14 Ohio St.3d 74,75.
The trial court sentenced Quinn to the maximum allowable terms of imprisonment for his offenses, which he contends was excessive. Pursuant to R.C. 2929.14(A)(3), for a felony of the third degree, such as burglary, the court may impose a prison term of one to five years. Pursuant to R.C. 2929.14(A)(4), the trial court may impose a prison term of six to eighteen months for a felony of the fourth degree, such as grand theft of a vehicle.
If the offender has not served a previous prison term, the trial court must impose the minimum sentence, unless the trial court finds on the record that to do so would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." R.C.2929.14(B). A trial court may impose the maximum term of imprisonment upon offenders only if the trial court finds on the record, as relevant to this case, that the offender "committed the worst forms of the offense," or the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C).
When reviewing the seriousness of an offender's conduct, the trial court is guided by R.C. 2929.12(B), which lists factors for the trial court to consider. As relevant to the instant case, these factors include:
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 The trial court may also consider "any other relevant factors."
Although the trial court is not required to use the "magic words" of the statute, substantial compliance is required. Statev. Estrada (Sept. 18, 1998), Sandusky App. No. S-98-006, unreported; State v. Blondheim (May 27, 1998), Summit App. No. 18594, unreported, discretionary appeal not allowed (1998),83 Ohio St.3d 1452. Substantial compliance will be found where the trial court has provided sufficient findings on the record to indicate the requirements of R.C. 2929.14(B) and (C). See Statev. Brooks (Aug. 18, 1998), Franklin App. No. 97APA11-1543, unreported.
The trial court's comments at the sentencing hearing, and its judgment entry of sentencing make it clear that the trial court felt that any sentence less than the maximum allowable terms of imprisonment would demean the seriousness of Quinn' conduct. The trial court specifically stated that his crimes were the "worst form of the offense," involving not only the breaking into the victims' home, but also extensive vandalism of their property. The defendants also urinated throughout the house and set the Frick's automobile on fire. The trial court also found, regarding Quinn, that the theft of the vehicle and subsequent arson made his offenses that much more unconscionable. The victims stated and the trial court found that severe emotional harm had been inflicted as a result of Quinn's conduct.
Upon a thorough review of the record, it is clear that the trial court found that Quinn committed "the worst forms of the offense" as required by R.C. 2929.14(C) in imposing maximum sentences. It is also clear that, even though the trial court did not use the "magic words," the trial court believed that to impose less than the maximum sentence would "demean the seriousness of [their] conduct" as required by R.C. 2929.14(B).
Quinn asserts that the trial court failed to make findings regarding recidivism, asserting that such are required by R.C.2929.12(A). R.C. 2929.12(A) only requires that the trial court consider factors regarding recidivism, not make specific findings of such. R.C. 2929.14(B) and (C), the sections relevant to the instant case, only require findings regarding the seriousness of the offender's conduct.
The sentences imposed were supported by the record and sufficient findings by the trial court. Accordingly, Quinn's assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] When referred to collectively, Quinn, Thomas, Taylor, and Harbrecht will be referred to as "the defendants." Otherwise, the defendants will be referred to individually.