DECISION AND JUDGMENT ENTRY
Ronald Cody appeals his sentence in the Washington County Court of Common Pleas following his guilty plea on one count of aggravated robbery in violation of R.C. 2911.01(A)(3). Appellant was sentenced to 10-years imprisonment, the maximum available term.
The record indicates that appellant spent the day drinking at the Four Seasons Bar in Marietta, Ohio. He left at closing time, but returned shortly thereafter, broke a window and entered the bar through the opening. Appellant was in the process gathering liquor from the bar when he was interrupted by Ed Freeland, a Four Seasons bartender who had returned to make a telephone call. A struggle ensued and appellant battered Freeland to the point of unconsciousness.
Appellant was indicted and entered a guilty plea to one count of aggravated robbery. The trial court sentenced him to the maximum available sentence of 10 years imprisonment and ordered him to pay $939.00 in restitution to the victim. Appellant filed a timely notice of appeal raising the following assignment of error:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE.
A defendant has an appeal of right when the court imposes a maximum prison term for one offense unless the maximum sentence is statutorily mandated. See R.C. 2953.08(A)(1). A defendant also has an appeal of right where the sentence is contrary to law. See R.C. 2953.08(A)(3). We may not reverse a sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(1)(a) and (d); see, also, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, unreported. Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of facts a firm belief in their existence. See State v. Schiebel
(1990), 55 Ohio St.3d 71, 74.
Initially, appellant asserts that the trial court erred by imposing the 10-year maximum sentence for his conviction without making certainmandatory findings. Under R.C. 2929.14(C), maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. In order to impose the maximum sentence, the court must make specific findings on the record, see R.C. 2929.14(C), and identify the reasons for making those findings, see R.C. 2929.19(B)(2)(d); State v.Coleman (Mar. 27, 2001), Meigs App. No. 00CA010, unreported.
In its journal entry, the court found that "the defendant committed the worst form of the offense, and the defendant poses the greatest likelihood of recidivism." The court also indicated the rationale behind these findings: 1) The defendant caused serious physical harm to the victim; and 2) The defendant has prior adult and juvenile convictions, respectively. Further, the trial court stated that it had balanced the seriousness and recidivism factors in R.C. 2929.12, and that it had considered the principles and purposes of sentencing under R.C. 2929.11. We conclude that the trial court complied with the statutory requirements in R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d) for imposing the maximumsentence.
Appellant also argues that his sentence is unsupported by the record because the trial court failed to consider other mitigating evidence. Specifically, appellant argues that the trial court ignored evidence that he did not initially intend to cause physical harm when he entered the bar, and that he was remorseful for his conduct.
Under R.C. 2929.12, the trial court must consider the factors regarding the seriousness of the offender's conduct listed in R.C. 2929.12(B) and (C), and those regarding the offender's propensity for recidivism in R.C. 2929.12(D) and (E). While the trial court must consider these factors, R.C. 2929.12(A) does not require specific findings as to each particular factor. State v. Orlando (Nov. 18, 1998), Lawrence App. No. 97CA57, unreported; see, also, State v. Quinn (1999), 134 Ohio App.3d 459. "It will be sufficient that the record support an inference that the court has examined the factors." Griffin Katz, Ohio Felony Sentencing Law (1999), p. 287.
We believe that the record shows that the trial court considered the statutory factors in this case. The trial court specifically indicated that it had balanced the seriousness and recidivism factors in R.C.2929.12. Concerning the seriousness of the offense, the trial court gave this description of the victim's injuries:
 "The victim in this case suffered extensive injuries. He had abrasions, a broken nose, facial fractures, three to four lacerations, swelling of the right eye, and he had to be life flighted from Marietta to Grant Center in Columbus. He received seven to eight staples in one area, twelve stitches in another. He also received an undetermined amount of stitches in the area of his right eye."
The seriousness of the offense increases when the victim suffers physical harm. R.C. 2929.12(B). The fact that appellant did not initially plan to commit a battery does little to diminish the seriousness of the attack in this case. Given its minimal mitigating effect, it is not clear and convincing to us that the trial court failed to consider this evidence in determining the seriousness of the offense.
The same rationale applies to the appellant's remorsefulness, which is a recidivism factor under R.C. 2929.12(E). Appellant testified at the hearing that he was sorry for his actions. While the trial court was required to consider this evidence, we can not say that it clearly and convincingly failed to do so. The trial court focused on appellant's criminal history as a basis for its finding that recidivism was likely. At the hearing, the trial court recited appellant's criminal history:
 " * * * Mr. Cody does have a considerable prior record, starting as a juvenile. It's at age thirteen, he had a Menacing conviction in 1993; he had a Burglary at age fourteen '93; he had a Disorderly Conduct at age sixteen in '95; and in '96, he had an Improper Discharge and handling of Firearm in a Vehicle, when he shot into an occupied structure and somebody else's dog got shot.
 As an adult in '97, he has a Disorderly Conduct conviction, and then on a separate date, approximately one month later, he has a Criminal Trespass conviction. In '98, he has a conviction in August for OMVI, in September for Disorderly Conduct and Intoxication, and in October, for Driving Under Suspension. March, he also has Breaking and Entering."
When considered in light of his past criminal activity, it was well within the trial court's discretion to afford little weight to appellant's remorsefulness and to conclude that it did not counterbalance the likelihood he would re-offend. Thus, we cannot clearly and convincingly find that the trial court failed to consider remorse as a factor in balancing the recidivism factors under R.C. 2929.12.
Finally, appellant argues that the trial court's sentence is contrary to law because the court stated in its entry that his sentence "is consistent with sentences imposed for similar crimes committed by similar offenders." Although it is an overall goal of the sentencing guidelines, the trial court was not required to make this specific finding before imposing the maximum sentence. Nor do the guidelines require the trial courts to compare sentences for similar offenses before imposing a sentence. However, the trial court's gratuitous statement did not make appellant's sentence contrary to law. Appellant's assignment of error is overruled.
The judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J., Concur in Judgment and Opinion.