OPINION
Defendant-appellant, William Hurst, appeals the May 30, 2000 resentencing entry of the Franklin County Court of Common Pleas, imposing consecutive sentences in the aggregate term of fifty-five years of imprisonment on one count of aggravated burglary, one count of kidnapping, one count of gross sexual imposition, and eight counts of rape. For the following reasons, we affirm.
On January 10, 1997, appellant was indicted on one count of aggravated burglary, one count of kidnapping, one count of gross sexual imposition, and eight counts of rape. Appellant pleaded not guilty and the case was tried before a jury. The jury returned guilty verdicts on all eleven counts. The trial court sentenced appellant to fifty-five years in prison. Appellant filed a timely appeal before this court.[1] In the opinion released on March 7, 2000, this court affirmed appellant's convictions, but remanded the case for resentencing, finding that, although "the trial court came close to providing the requisite findings and reasons" for imposing consecutive sentencing, the trial court failed to provide specific findings and explanations before imposing such a sentence. Id., citing State v. Edmonson (1999), 86 Ohio St.3d 324, 329. A review of the trial court's November 3, 1998 sentencing entry demonstrated that the trial court failed to specify any of the requisite facts and findings that it considered in imposing the consecutive sentences, pursuant to R.C. 2929.19(B)(2)(c). As a result, we subsequently remanded this matter for resentencing.
On remand, the record indicates that the trial court conducted a resentencing hearing on May 12, 2000, and again imposed consecutive sentencing. Prior to doing so, the trial court stated the following:
 THE COURT IS REQUIRED TO STATE APPROPRIATE RATIONALE FOR IMPOSING CONSECUTIVE SENTENCES.
 THE COURT BELIEVES THAT BASED ON MS. [JULIE] ADAMS' TESTIMONY ABOUT THE TERROR SHE UNDERWENT AND FOR REASONS STATED BY THIS COURT PREVIOUSLY FINDING THAT THE OFFENSES WERE SEPARATE AND DISTINCT FROM EACH OTHER, AND THAT THESE ARE SERIOUS OFFENSES, AND THE FACT THAT THE COURT BELIEVES THAT SUCH CONDUCT MAY REOCCUR, AND THE COURT FOCUSES WITH REGARD TO THE SEXUAL PREDATOR FINDING BY THE COURT AT THE ORIGINAL SENTENCING, WHICH WAS NOT APPEALED BY MR. HURST, THAT CONSECUTIVE SENTENCES ARE APPROPRIATE.
 THE COURT, HAVING GIVEN GREAT THOUGHT TO THE PRISION TERMS IMPOSED PREVIOUSLY AND SEPARATELY, FIND THAT EACH SENTENCE IMPOSED ON EACH SEPARATE COUNT ARE NOT DISPROPORTIONATE TO THE CONDUCT AND TO THE DANGER THE OFFENDER POSES, AND THAT THE HARM SUFFERED BY THE VICTIM IS SO GREAT THAT A SINGLE TERM DOES NOT ADEQUATELY REFLECT THE SERIOUSNESS OF THE CONDUCT.
 THOSE ARE THE STATUTORY CRITERIA THAT THE COURT IS REQUIRED TO FIND IF THE COURT IMPOSES CONSECUTIVE SENTENCES, AND THE COURT IS IMPOSING CONSECUTIVE SENTENCES, AS PLACED ON THE RECORD FOR THOSE PARTICULAR REASONS.
 I BELIEVE THE COURT HAS SATISFIED THE STATUTORY REQUIREMENTS FOR JUSTIFYING CONSECUTIVE SENTENCES. [Resentencing Hearing, Tr. 6-7.]
In the May 30, 2000 resentencing entry, the trial court stated:
 The Court having given great thought to imposing the separate prison sentences on each of Defendant's eleven (11) convictions, finds that the prison sentences imposed are not disproportionate to the conduct and to the danger Defendant poses. Defendant's conduct, while all occurring on one evening clearly constitute[s] more than one offense and arise from different and intentional conduct and acts. The psychological harm and terror suffered by the victim in this case is so great and Defendant's conduct so egregious, that a single term does not adequate[ly] reflect the seriousness of the Defendant's conduct and the multitude of the sexual acts performed by the Defendant against the victim. The Court finds that the only way to serve justice and to avoid demeaning the seriousness of the Defendant's continued and repeated offensive conduct and the multiple sexual acts performed against the victim, is to impose separate and consecutive sentences * * *.
It is from this resentencing entry that appellant has filed the second appeal, raising the following sole assignment of error:
 THE TRIAL COURT'S IMPOSITION OF A FIFTY-FIVE YEAR PRISON SENTENCE IS CONTRARY TO LAW.
In his sole assignment of error, appellant contends that the trial court improperly imposed consecutive sentences for his rape convictions, because the trial court failed to comply with R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) and, as such, this court should modify his sentence pursuant to R.C. 2953.08(G). The statutes to be construed are R.C.2929.14(E)(4) and 2929.19(B)(2)(c). R.C. 2929.14(E)(4) states:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Also at issue, is R.C. 2929.19(B)(2)(c), which sets forth the procedure that the trial court must follow when imposing consecutive sentences on a defendant. R.C. 2929.19(B)(2)(c) requires that the trial court has to make a finding that gives reasons for imposing consecutive sentences.
In order to determine if the trial court made the required statutory findings and explanations, we must review the record of the resentencing hearing and the May 30, 2000 resentencing entry. Here, the record clearly indicates that the trial court found that imposing a single term sentence would not adequately reflect the seriousness of appellant's conduct. At the resentencing hearing, the trial court indicated that, because each offense performed by appellant was separate and distinct from the other, and that such offenses may be repeated, the consecutive sentences imposed were not disproportionate to the egregious conduct and danger appellant posed. In the resentencing entry, the trial court reiterated these findings, along with findings that the multitude of sexual offenses committed against the victim caused her great psychological harm and terror. The court concluded that imposing consecutive sentences would most adequately reflect the seriousness of his conduct. Although the trial court did not quote the entire language of R.C. 2929.14(E)(4) verbatim, at either the resentencing hearing or in the resentencing entry, the record clearly indicates that the trial court adequately discussed and made the necessary findings and, therefore, complied with the statutory requirements of R.C. 2929.14(E)(4) in sentencing appellant to consecutive prison terms. See State v. Cantiberry (Sept. 28, 2001), Hancock App. No. 5-01-14, unreported; State v. Stribling (Dec 10. 1998), Cuyahoga App. No. 74715, unreported (the trial court need not use the exact wording from the statute, as long as it is clear from the record that the trial court made the requisite findings). While not verbatim, the language the trial court used is consistent with that contained in R.C. 2929.14(E)(4). The trial court is not required "to utter any magic or talismanic words, but it must be clear from the record that the court made the required findings." State v. White (1999), 135 Ohio App.3d 481, 486; State v. Quinn (1999),134 Ohio App.3d 459 (the trial court substantially complied with the statute when it provided sufficient findings on the record); State v. Finch (1998), 131 Ohio App.3d 571 (the trial court must make a finding on that record that it has considered the applicable statutory criteria before imposing consecutive sentences).
Accordingly, the record clearly establishes that the trial court made the required statutory findings and facts pursuant to R.C. 2929.14(E)(4) and, as such, has further complied with the standards set forth in R.C.2929.19(B)(2)(c). Since we cannot find by clear and convincing evidence that the record failed to support the trial court's findings, this court will not modify appellant's sentence. See R.C. 2953.08(G). Appellant's sole assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
BOWMAN and PETREE, JJ., concur.
[1] State v. Hurst (Mar. 7, 2000), Franklin App. No. 98AP-1549, unreported. A thorough procedural and factual history of this case is included in our opinion ruling upon appellant's first appeal.