OPINION
Defendant-appellant, Lucinda K. Thatcher, appeals the April 18, 2001 judgment entry of the Franklin County Court of Common Pleas sentencing appellant to eighteen months incarceration, revoking her Ohio driver's license for life, without work privileges, and ordering appellant to pay restitution to the victim, Melissa Fausnaugh. For the reasons that follow, we affirm in part, reverse in part, and remand for resentencing.
At the February 27, 2001 plea hearing, the following proffer of facts were made on behalf of the state. On December 10, 1999, appellant was driving northbound on State Route 674, in Franklin County, Ohio. Melissa Fausnaugh was driving southbound on State Route 674. Appellant crossed the centerline on the road, and struck Fausnaugh head on. The police and the EMT units arrived on the scene of the accident. The top of appellant's vehicle had to be cut in order for the EMT unit to remove her. Appellant was transported to Grant Medical Center where her blood-alcohol content registered at .17.
As a result of the head-on collision, Fausnaugh sustained several injuries. Some of Fausnaugh's injuries included a compound fracture to her leg, a grade four laceration to her liver, loss of her spleen, and a fracture to a vertebra in her spine. Fausnaugh also underwent physical therapy and surgeries.
On May 22, 2000, appellant was indicted on count one of driving while under the influence of alcohol or drugs in violation of R.C. 4511.19, and on count two of aggravated vehicular assault in violation of R.C. 2903.08. On February 27, 2001, appellant entered a no contest plea to the aggravated vehicular assault count of the indictment. In exchange for the plea, the state entered nolle prosequi to the driving while under the influence of alcohol or drugs count of the indictment. The trial court found appellant guilty of aggravated vehicular assault, and ordered a pre-sentence investigation. On April 17, 2001, the trial court sentenced appellant to eighteen months at the Ohio Department of Rehabilitation and Correction, revoked her Ohio driver's license for life, without work privileges, and ordered appellant to pay Fausnaugh the full amount of restitution determined by the probation department. It is from this judgment entry that appellant appeals, raising the following three assignments of error:
 First Assignment of Error: The court erroneously failed to enter a finding that the minimum sentence would demean the seriousness of the offense or not adequately protect the public from future crimes.
 Second Assignment of Error: The record does not support the imposition of the maximum sentence.
 Third Assignment of Error: The trial court erroneously imposed a lifetime revocation of appellant's Ohio Bureau of Motor Vehicles Driver's License.
In her first assignment of error, appellant contends that the trial court failed to enter a finding that minimum sentencing would demean the seriousness of the offense appellant committed or not adequately protect the public from future crimes. The statute to be construed is R.C.2929.14(B), which provides:
 Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
Additionally, R.C. 2929.19(B)(2)(d) sets forth the procedure that the trial court must follow when imposing the maximum prison term for a defendant. R.C. 2929.19(B)(2)(d) requires that the trial court has to make a finding that gives reasons for imposing the maximum prison term. State v. Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported.
In order to determine if the trial court made the required statutory findings and explanations, we must review the record of the sentencing hearing. Prior to imposing the maximum sentence, the trial court stated:
 * * * That's what happened when you drive drunk and decide to take the road in that condition, no matter what's going on in your personal life. This is the risk that you put the rest of society in and it's come true in your case. I'm not sitting here saying that's some intentional injury, but it is a recklessness with the well-being of the rest of us in society that in this case you've just seen the result. [Tr. 27.]
Although R.C. 2929.14(B) does not require that the trial court give its reasons for finding that the seriousness of appellant's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence, the record of the sentencing hearing must reflect that the trial court found that either or both of the reasons specified in R.C.2929.14(B) warranted the longer sentence.[1] State v. Edmonson (1999), 86 Ohio St.3d 324, 326; State v. Quinn (1999),134 Ohio App.3d 459; State v. White (1999), 135 Ohio App.3d 481, 486; State v. Cantiberry (Sept. 28, 2001), Hancock App. No. 5-01-14, unreported; State v. Stribling (Dec 10. 1998), Cuyahoga App. No. 74715, unreported (the trial court need not use the exact wording from the statute, as long as it is clear from the record that the trial court made the requisite findings).
In this case, the remarks made by the trial court prior to sentencing appellant support the finding that the minimum six-month sentence would not adequately protect the public from future crime by appellant or others. While not the verbatim language of the statute, the language the trial court used is consistent with that contained in R.C. 2929.14(B). The trial court is not required "to utter any magic or talismanic words, but it must be clear from the record that the court made the required findings." White, at 486; Quinn, supra (the trial court substantially complied with the statute when it provided sufficient findings on the record); State v. Fincher (Oct. 14, 1997), Franklin App. No. 97AP-352, unreported (R.C. 2929.14[B] does not require such talismanic words). Therefore, the trial court did not abuse its discretion in sentencing appellant to the maximum eighteen-month term of imprisonment. As such, appellant's first assignment of error is not well-taken and is overruled.
In her second assignment of error, appellant contends that the record does not support the imposition of the maximum eighteen-month sentence for aggravated vehicular assault. Appellant contends that the maximum sentence is only to be imposed in extraordinary circumstances, and that neither the pre-sentence investigation report nor the information the trial court relied upon supported its conclusion that appellant committed the worst form of the offense or that she poses the greatest likelihood of reoffending. R.C. 2929.14(C) provides:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
In addition, R.C. 2929.12 provides a list of factors for the trial court to consider when determining whether an offender's conduct is more or less serious than conduct normally constituting the offense, or if an offender is likely to commit future crimes. R.C. 2929.19(B)(2)(d) also requires the court to make a finding that gives its reasons for selecting the sentence imposed. "When determining whether the trial court complied with R.C. 2929.14(C), the reviewing court may review the judgment entry, the transcript, and the sentencing worksheet." State v. Buterbaugh (Sept. 16, 1999), Franklin App. No. 98AP-1093, unreported, discretionary appeal not allowed (2000), 87 Ohio St.3d 1490, certiorari denied (2000),530 U.S. 1247.
Concerning whether appellant "committed the worse form of the offense" the trial court stated:
 [THE COURT:] Miss Thatcher, the court's looked at the case very fully. There is no question in this court's mind that this is the worst form of the offense. It's an OMVI, .17. It doesn't scream out as bad form of the offense, but what you have though is an accident over the centerline which absolutely devastated the victim, devastated. We just heard an eloquent statement. The same description of the injuries appear from the hospital records and in the pre-sentence investigation. * * *
* * *
 THE COURT: And I'm still saying that when someone does something wrong that causes pain and suffering and harm to somebody else, to me, there's no excuse for the failure, no excuse, to comment.
 * * * [T]he injuries caused put it in the more serious category, the fact alcohol is used puts it in the more serious category as opposed to less serious category * * *. [Tr. 26-28.]
The trial court also used some of the same facts to find that appellant had the greatest likelihood of reoffending. The trial court stated, "Residivism [sic] likely, any time you have alcohol and driving and substance abuse * * * you got a recidivism likely problem." [Tr. 28.]
Consequently, after having fully reviewed the record, we find that the trial court sufficiently complied with R.C. 2929.14(C) and 2929.12(B). See State of Ohio v. Smith (Mar. 20, 2001), Franklin App. No. 00AP-829, unreported. Furthermore, since we cannot find by clear and convincing evidence that the record failed to support the trial court's findings, this court will not modify appellant's sentence. See R.C. 2953.08(G). As such, appellant's second assignment of error is not well-taken and is overruled.
In her third assignment of error, appellant contends that the trial court erred at the April 17, 2001 sentencing hearing by revoking her Ohio driver's license for life. The state agrees that the trial court erred in imposing the lifetime revocation of appellant's driver's license. Prior to the March 2001 amendment of R.C. 4507.16(D)(1), the statute provided that:
 The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall permanently revoke the driver's * * * license * * * of any person who is convicted of or pleads guilty to a violation of section * * * 2903.08 of the Revised Code * * * if the jury or judge as the trier of fact in the case in which the person is convicted finds that the offender was under the influence of alcohol * * * at the time of the commission of the offense.
However, before appellant was sentenced, R.C. 4507.16(D)(1) was amended to reduce the penalty for violating R.C. 2903.08. The current version of R.C. 4507.16(D)(1), amended March 2001, allows the trial court to permanently revoke a defendant's driver's license if that person has been convicted of or pleads guilty to involuntary manslaughter in violation of R.C. 2903.04 or aggravated vehicular homicide; vehicular homicide; or vehicular manslaughter in violation of R.C. 2903.06. The March 2001 amendment was in effect at the time appellant was sentenced on April 17, 2001. As such, the trial court erred in permanently revoking appellant's driver's license for life. R.C. 1.58 requires that appellant receive the benefit of the lesser penalty provided for in the amended statute.[2]
As such, we find that pursuant, to R.C. 1.58, the trial court is required to suspend appellant's driver's license for the period of time specified in R.C. 2903.08. Appellant's third assignment of error is well-taken and is sustained.
For the foregoing reasons, appellant's first and second assignments of error are overruled, and the third assignment of error is sustained. The judgment of the trial court is reversed as to the penalty phase of appellant's sentence only, and this matter is remanded to the Franklin County Court of Common Pleas for the penalty to be imposed according to the amendment.
Judgment affirmed in part, reversed in part, and remanded with instructions.
TYACK and DESHLER, JJ., concur.
[1] "If the court is to make such a finding, that finding must be something which will be susceptible to a meaningful review by an appellate court. A finding, we believe, implies a factual finding which would encompass the operative facts upon which that finding is based." State v. Edmonson (Sept. 25, 1998), Portage App. No. 97-P-0067, unreported.
[2] R.C. 1.58 provides in part: "(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."