OPINION
{¶ 1} Defendant-appellant, Olar Akanny, appeals from the November 13, 2001 judgment entry of the Franklin County Court of Common Pleas finding him guilty of taking the identity of another and forgery, and sentencing him to an aggregate term of 22 months, to run concurrently with Franklin County C.P. No. 00CR-2920. For the reasons that follow, we affirm the judgment of the trial court.
{¶ 2} The following facts were before the trial court at the time of appellant's sentencing. On May 24, 2001, appellant walked into a Bank One branch located inside of a Big Bear store on 2801 North High Street, Columbus, Ohio. Appellant attempted to obtain a cash advance in the amount of $4,600 by using a credit card that bore the name Barry R. Nearhos. Appellant said that he was Nearhos, and produced a new Massachusetts driver's license in the name of Nearhos. Appellant was unable to obtain any cash, was arrested at the scene, and admitted he committed the crime.
{¶ 3} On May 31, 2001, appellant was indicted by the Franklin County Grand Jury on count one of taking the identity of another, count two of receiving stolen property, count three of possessing criminal tools, and count four of forgery. All four counts were felonies of the fifth degree. On September 10, 2001, appellant pled guilty to counts one and four of the indictment in exchange for the dismissal of counts two and three. Appellant also pled guilty to a misdemeanor of possessing criminal tools in Franklin County C.P. No. 00CR-2920.
{¶ 4} On November 13, 2001, the trial court sentenced appellant to 11 months on count one and 11 months on count four of the indictment to be served consecutively with each other, and to run concurrently with the six month sentence imposed on the misdemeanor in Franklin County C.P. No. 00CR-2920. It is from this judgment entry that appellant appeals, assigning the following two assignments of error:
{¶ 5} "I. The court did not adequately state the reasons justifying the sentence given the appellant.
{¶ 6} "II. The trial court erred in sentencing the appellant to consecutive sentences."
{¶ 7} In his first assignment of error, appellant argues that the trial court did not adhere to R.C. 2929.13(B)(1) and 2929.14(C) in imposing consecutive sentences on appellant. As noted above, appellant was convicted of two fifth degree felonies. In deciding whether to impose a prison term, the trial court must go through the analysis set forth in R.C. 2929.13(B). R.C. 2929.13(B)(1) requires the trial court to first determine whether any of the following nine factors are present:
{¶ 8} "(a) In committing the offense, the offender caused physical harm to a person.
{¶ 9} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
{¶ 10} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
{¶ 11} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
{¶ 12} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
{¶ 13} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22,2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
{¶ 14} "(g) The offender previously served a prison term.
{¶ 15} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
{¶ 16} "(i) The offender committed the offense while in possession of a firearm."
{¶ 17} If the trial court determines that any of the R.C.2929.13(B)(1) factors apply, then the trial court must proceed to consider the factors set forth in R.C. 2929.12, concerning the seriousness of the offense, the recidivist nature of the offender, and whether a prison term is consistent with the purposes and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.13(B)(2)(a). The overriding purposes of felony sentencing, outlined in R.C. 2929.11:
{¶ 18} "(A) * * * are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
{¶ 19} If the trial court determines that one or more of the factors enumerated in R.C. 2929.13(B)(1) are present, and after considering the seriousness and recidivism factors set forth in R.C.2929.12 finds that a prison term is consistent with overriding purpose of felony sentencing in R.C. 2929.11, and further determines that the offender is not amenable to community control sanction, the trial court is required to impose a prison term. R.C. 2929.13(B)(2)(a). State v. Fincher (Oct. 14. 1997), Franklin App. No. 97APA03-352.
{¶ 20} In this case, the trial court made a finding under R.C.2929.13(B)(1)(e) that the offense was committed as part of an organized criminal activity. A felony sentencing worksheet that appears in the record has a checkmark next to the factor that reads, "5. The offense was committed for hire or as part of an organized criminal activity." The later part of that factor, "organized criminal activity" is circled. However, the worksheet does not indicate whether the trial court or the probation department prepared the worksheet. At the sentencing hearing, the trial court stated:
{¶ 21} "THE COURT: With respect to Mr. Akanny, this is I believe his ninth theft-related offense. * * *
{¶ 22} "The defendant is involved in a large scale, multi-state operation using false names, false identities." (Tr. 19.)
{¶ 23} Also, the trial court appeared to make a finding under R.C. 2929.13(B)(1)(h) that the offense was committed while appellant was on probation. While the record is not entirely clear that the trial court made such a finding, the worksheet states that recidivism is likely because the "1. Offender was out on bail before trial or sentencing, or under court sanction or under post release control or parole when offense was committed[.]" Furthermore, the transcript of the sentencing hearing reveals that the trial court stated the following:
{¶ 24} "THE COURT: Probably the most amazing thing in the presentence investigation is when he was released in New York on probation, given restitution, he goes out and commits a theft offense in the city he didn't pay restitution in. That was an amazing action by this defendant. It appears to me that's your modus. You just come to the United States and decide to steal everything that you can. Nobody has the faintest idea who you are." (Tr. 15-16.)
{¶ 25} Furthermore, in addition to the recidivism factor listed above, the felony sentencing worksheet also stated that recidivism was likely because:
{¶ 26} "2. Prior adjudication of delinquency or history of criminal convictions;
{¶ 27} "3. Failure to respond favorably in the past to probation or parole;
{¶ 28} "4. Failure to acknowledge pattern of drug or alcohol abuse that is related to the offense;
{¶ 29} "5. No genuine remorse." (Felony sentencing worksheet.)
{¶ 30} The trial court determined that with finding one, possibly two, of the factors in R.C. 2929.13(B)(1) present, and after weighing the seriousness and recidivism factors of R.C. 2929.12, a prison term was consistent with R.C. 2929.11, and that appellant is not amenable to available community sanctions. Based on the record, including the felony sentencing worksheet, and the transcript of the sentencing hearing, we are satisfied that the trial court determined that appellant's prison term was consistent with the purposes of felony sentencing.
{¶ 31} Appellant additionally argues in his first assignment of error that the trial court failed to adhere to R.C. 2929.14(C) in sentencing appellant to the aggregate term of 22 months. R.C. 2929.14(C) states:
{¶ 32} "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
{¶ 33} Appellant pled guilty to taking the identity of another and forgery. Both offenses are felonies of the fifth degree. The prison term for felonies of the fifth degree "shall be six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5). The longest prison term the trial court was authorized to sentence appellant for each offense was 12 months. However, the trial court sentenced appellant to 11 months for taking the identity of another, and 11 months for forgery. Sentencing appellant to one month shy of the maximum for taking the identity of another, and one month shy of the maximum for forgery does not constitute the maximum sentence. State v. Annotico (Dec. 14, 2000), Cuyahoga App. No. 76202. R.C. 2929.14(C) is not applicable to this case, as appellant was not sentenced to the longest prison term. As such, the trial court was not required to adhere to the pronouncement of R.C. 2929.14(C), as appellant was sentenced to a term less than the maximum allowable for each offense. As such, appellant's first assignment of error is not well-taken and is overruled.
{¶ 34} In his second assignment of error, appellant argues that the trial court erred in sentencing him to consecutive sentences. Appellant contends that the trial court failed to comply with the provisions of R.C. 2929.19(B)(2)(c) and 2929.14(E)(4) by failing to make the necessary findings for selecting the sentence imposed. Appellant further argues that consecutive sentences for "one foiled forgery attempt," are disproportionate to his conduct. (Appellant's brief, 5.)
{¶ 35} R.C. 2929.14(E)(4) states:
{¶ 36} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
{¶ 37} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
{¶ 38} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 39} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
{¶ 40} Additionally, R.C. 2929.19(B)(2)(c) sets forth the procedure that the trial court must follow when imposing consecutive sentences on a defendant. R.C. 2929.19(B)(2)(c) mandates that the trial court make a finding that gives reasons for imposing consecutive sentences. State v. Hurst (Nov. 8, 2001), Franklin App. No. 01AP-77.
{¶ 41} In order to determine if the trial court made the required statutory findings and explanations, we will review the record of the sentencing hearing and the November 13, 2001 sentencing entry. At the sentencing hearing, after imposing sentence, the trial court stated:
{¶ 42} "* * * He's involved in organized criminal activity and as such the minimum sentence was not imposed because that would demean the seriousness of the conduct. The court gave consecutive sentences because the defendant's history and character demonstrate consecutive sentences are necessary to protect the public from future crime.
{¶ 43} "And in particular, the main factors the court took into consideration were those factors in his prior record in the presentence investigation. Also the sentencing sheet sets forth why the court thinks the sentences are more serious and recidivism is likely." (Tr. 19.)
{¶ 44} The November 13, 2001 judgment entry stated:
{¶ 45} "The Court further finds that the shortest prison term would demean the seriousness of the offender's conduct and will not adequately protect the public from future crime by the offender.
{¶ 46} "The Court further finds that the consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The Court further finds that:
{¶ 47} "(1) The harm caused by the multiple offenses was so great or unusual that no single prison term any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 48} "(2) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (November 13, 2001, Judgment Entry at 2.)
{¶ 49} Here, the record clearly indicates the trial court found that imposing the shortest prison term would not adequately reflect the seriousness of appellant's conduct, and protect the public. At the sentencing hearing, the trial court stated that, because appellant was involved in organized criminal activity, a minimum sentence would demean the seriousness of his conduct. The trial court further stated that, based on appellant's history and character, consecutive sentences were necessary to protect the public from future crime. In the sentencing entry, the trial court reiterated these findings, along with finding that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and the danger appellant posed.
{¶ 50} Although the trial court, at the sentencing hearing, did not quote the entire language of R.C. 2929.14(E)(4) verbatim, this language was quoted verbatim in the judgment entry. The trial court is not required "to utter any magic or talismanic words, but it must be clear from the record that the court made the required findings." State v. White (1999), 135 Ohio App.3d 481, 486; State v. Quinn (1999),134 Ohio App.3d 459 (the trial court substantially complied with the statute when it provided sufficient findings on the record); State v. Finch (1998), 131 Ohio App.3d 571 (the trial court must make a finding on that record that it has considered the applicable statutory criteria before imposing consecutive sentences). The language the trial court used complies with and is consistent with that contained in R.C.2929.14(E)(4).
{¶ 51} Accordingly, the record clearly establishes that the trial court made the required statutory findings and facts pursuant to R.C.2929.14(E)(4) and, as such, has further complied with the standards set forth in R.C. 2929.19(B)(2)(c). Since we cannot find by clear and convincing evidence that the record failed to support the trial court's findings, this court will not modify appellant's sentence. See R.C.2953.08(G). Appellant's second assignment of error is not well-taken and is overruled.
{¶ 52} For the foregoing reasons, appellant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.