¶ 25 I respectfully dissent from the majority's opinion that the sentence on the burglary count should be reversed and remanded to allow the trial court to specifically comply with the sentencing requirements contained in R.C. 2929.14(C) and 2929.19(B)(2)(d). In my view such an exercise would be, at best, wasteful and unnecessary because the error, if any, was harmless and did not predjudice appellant.
 {¶ 26} First of all it bears noting that the facts which support the voluntary manslaughter conviction are necessarily and directly related to the burglary conviction. As such, in order to cure the defect identified by the majority, the sentencing court is merely required to state that the burglary is "the worst form of the offense" and reiterate the same or substantially similar facts it recited when sentencing appellant to the maximum sentence for voluntary manslaughter.
 {¶ 27} Courts have held that R.C. 2929.14(C) does not dictate the usage of "talismanic" language or "magic words" but, rather, requires substantial compliance with the statute. See, e.g., State v. Harris (June 7, 2001), 8th Dist. No. 78241, 2001 Ohio App. LEXIS 2562, at 32. Substantial compliance exists where the trial court has provided sufficient findings on the record to satisfy the requirements of R.C.2929.14(C). See, e.g. State v. Quinn (1999), 134 Ohio App.3d 459, 463. While substantial compliance might ignore the formalism of the sentencing guidelines, it nevertheless embraces their purpose.
 {¶ 28} In the current matter, the sentencing court stated the following:
 {¶ 29} "*** [F]irst of all, pursuant to the guidelines in effect, *** the court has to make certain articulations for the record to protect the record, that this case, as I indicated before, there is a presumption of incarceration in light of the type of offense that it is. And also, in order to give any sentence beyond the minimum, the court has to make this finding; that the shortest prison term will demean the seriousness of the offense and it will not adequately protect the public. Therefore it will not be a minimum sentence.
 {¶ 30} "In order to impose the maximum sentence, the court has to make some additional findings, and the court specifically makes this finding; that because this has been reduced to a voluntary manslaughter, and in light of what the facts indicated to the court based on the review of the presentence investigation, this meets the criteria for committing the worst form of this type of offense, which is a voluntary manslaughter. And I say this because when you chase somebody down with aknife, for whatever the purpose is, you go to their house, you end upstabbing somebody in a place that is most likely to cause death, and thenhave them expire there in front of his children, that meets thecriteria. It is therefore the sentence of this court *** with respect to count 1, which is voluntary manslaughter, that you serve a term of 10 years. Count 2 burglary, serve a term of 8 years." (Emphasis added.)
 {¶ 31} I recognize that the court did not articulate the words "worst form of the offense" as to the burglary conviction. It is equally clear that it never expressly related the facts to the burglary charge. However, the record reflects that the court realized its obligations pursuant to the sentencing statutes and specifically referred to the facts which made the crimes, in toto, so repugnant.
 {¶ 32} Furthermore, the record sufficiently evidences the trial court's adherence to the specific public policy underlying R.C. 2929.14(C), i.e. limiting maximum sentences to the most deserving offenders. SeeState v. Edmonson (1999), 86 Ohio St.3d 324. It also reflects the court's allegiance to the fundamental purposes of Ohio's sentencing law: protecting the public and punishing the offender. See, R.C. 2929.11(A). The trial court imposed a maximum sentence in substantial compliance with the statute since the facts for the burglary and the voluntary manslaughter were intertwined and a continuing course of conduct.
 {¶ 33} I further buttress this dissent on the recognition that the majority's reversal is based upon an inconsequential error: since the sentences rendered were concurrent, the error in question did not prejudice appellant.
 {¶ 34} In the current case, the trial court ordered appellant to serve eight years on the burglary charge. The sentence was ordered to run concurrent with the longer ten-year sentence imposed for the voluntary manslaughter charge; therefore, appellant experienced no prejudice from the trial court's failure to explain its rationale for the maximum sentence. Although it might be generally appropriate for the court to specifically articulate its findings each time it intends to impose a maximum sentence, in this particular case it was unnecessary and therefore constituted harmless error.
 {¶ 35} In sum, although the sentencing court failed to specifically articulate its findings as to the burglary offense, I believe the sentencing court substantially complied with the spirit of the sentencing guidelines. For these reasons, I would summarily affirm the sentence of the lower court.