OPINION
{¶ 1} Defendant-appellant Kendra J. Clark (hereinafter "defendant") appeals from the October 25, 2002 judgment of the Franklin County Court of Common Pleas, resentencing her to five years for aggravated vehicular homicide, a third degree felony, and 18 months for aggravated vehicular assault, a fourth degree felony, the sentences to be served consecutively. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On September 28, 2000, defendant was indicted by a Franklin County grand jury on six counts: one count of aggravated vehicular homicide, a second degree felony; one count of aggravated vehicular homicide, a third degree felony; one count of aggravated vehicular assault, a third degree felony; one count of aggravated vehicular assault, a fourth degree felony; and two counts of operating a motor vehicle while under the influence of alcohol or drugs ("OMVI"), first degree misdemeanors.
 {¶ 3} On October 1, 2001, defendant pled guilty to two of the six counts: aggravated vehicular homicide, a third degree felony and aggravated vehicular assault, a fourth degree felony. Pursuant to the terms of the plea bargain, the trial court entered a nolle prosequi as to the remaining four counts. The trial court ordered a presentence investigation report (hereinafter "PSI") and scheduled the case for sentencing on November 19, 2001.
 {¶ 4} The sentencing hearing was conducted on November 19, 2001. Pursuant to an entry journalized November 21, 2001, the trial court imposed the statutory maximum prison terms on each count: five years on the aggravated vehicular homicide and 18 months on the aggravated vehicular assault. The transcript of the sentencing hearing indicates the trial court's intention to order the sentences to be served consecutively, although both the trial court's "disposition sheet" and the entry itself are silent in this respect.
 {¶ 5} Defendant timely appealed the trial court's judgment. On September 3, 2002, this court reversed the sentence imposed and remanded the case for resentencing. See State v. Clark, Franklin App. No. 01AP-1455, 2002-Ohio-4492, (hereinafter "Clark I").[1]
 {¶ 6} On remand, the trial court resentenced defendant on October 18, 2002. At resentencing, the trial court heard the respective arguments of counsel and from defendant. The trial court then proceeded to sentence defendant to the statutory maximum prison terms on each count: five years on the aggravated vehicular homicide, and 18 months on the aggravated vehicular assault, the sentences to be served consecutively.
 {¶ 7} Defendant timely appeals the respective sentences imposed by the trial court, assigning three assignments of error:
 {¶ 8} "1. The trial court erred by imposing the maximum allowable sentence without specifically finding the factors set forth in R.C.2929.14(C).
 {¶ 9} "2. The trial court committed reversible error by imposing a sentence of imprisonment for the commission of a third degree felony without making the findings required by R.C. 2929.11 and 2929.12.
 {¶ 10} "3. The trial court erred in imposing consecutive sentences in the absence of any evidence in the record of any of the factors enumerated in R.C. 2929.14(E)."
 {¶ 11} As the analysis required by the assignments of error are similar, we will address them jointly.
 {¶ 12} The legislative intent expressed with respect to Ohio's sentencing scheme is to protect the public from future crime by the offender and others, as well as to punish the convicted offender. R.C.2929.11(A). Further, the sentence imposed shall be reasonably calculated to accomplish these two purposes while corresponding to, and not belittling, the seriousness of the offender's conduct and the impact of the conduct upon the victim. R.C. 2929.11(B). In trying to comply with the purposes and principles of sentencing, R.C. 2929.12 sets forth factors to consider when examining the seriousness of the offender's conduct and the likelihood of recidivism. R.C. 2929.12(B) enumerates nine specific factors to consider in relation to the comparative seriousness of the offense. State v. Holsinger (Oct. 10, 2000), Franklin App. No. 00AP-216. Similarly, R.C. 2929.12(D) specifies five recidivism factors for consideration by the trial court. Id. In addition to the specified seriousness and recidivism factors, the trial court has the discretion to consider "any other facts that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).
 {¶ 13} When sentencing an offender for a third degree felony, R.C. 2929.13(C) requires the trial court "in determining whether to impose a prison term as a sanction" to "comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."
 {¶ 14} Turning to the validity of a maximum sentence, R.C.2929.14(C) must be examined. R.C. 2929.14(C), as relevant herein, authorizes the imposition of a maximum sentence "only upon an offenders who committed the worst forms of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes." However, the trial court is required to make only one of these findings under R.C.2929.14(C) to impose a maximum prison term. State v. Wolford, Franklin App. No. 02AP-552, 2002-Ohio-6964.
 {¶ 15} While the trial court is not required "to utter any magic or talismanic words, *** it must be clear from the record that the court made the required findings." State v. White (1999), 135 Ohio App.3d 481,486, 734 N.E.2d 848; State v. Quinn (1999), 134 Ohio App.3d 459,731 N.E.2d 276 (the trial court substantially complied with the statute when it provided sufficient findings on the record); State v. Finch (1998), 131 Ohio App.3d 571, 723 N.E.2d 147 (the trial court must make a finding on the record that it has considered the applicable statutory criteria before imposing consecutive sentences).
 {¶ 16} Additionally, R.C. 2929.19(B)(2)(d) "requires a trial court to `make a finding that gives its reasons for selecting the sentence imposed' if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its `reasons for imposing the maximum prison term.'" (Emphasis added.) State v. Edmunson (1999), 86 Ohio St.3d 324, 328.
 {¶ 17} In examining whether the imposition of a consecutive sentence was proper, R.C. 2929.14(E)(4) provides guidance:
 {¶ 18} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 19} "* * *
 {¶ 20} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 21} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 22} Further, as with maximum sentences, R.C. 2929.19(B)(2)(c) mandates the trial court set forth the reasons for imposing consecutive sentences. State v. Hurst (Nov. 8, 2001), Franklin App. No. 01AP-77.
 {¶ 23} Finally, R.C. 2953.08(F) directs this court, as we review the sentence in this case, to consider the entire record, State v. Jones, Franklin App. No. 01AP-1183, 2002-Ohio-3725, at ¶ 19, including the trial court's judgment entry, the transcript of the sentencing hearing, the court's sentencing worksheet and the PSI report. See State v. Johnson (Jan. 30, 2001), Franklin App. No. 00AP-428, and State v. Beauford (Apr. 25, 2002), Franklin App. No. 01AP-1166.
 {¶ 24} In imposing the sentences at issue, the trial court explained its rationale:
 {¶ 25} "Because you had not been to prison before, there was a presumption for a minimum sentence. I thought it was more than obvious with the statement of facts concerning this matter with the presentence investigation that I had that when one individual is killed as a result of an accident as a result of another under the influence of alcohol and a second individual seriously injured, it seemed to me that that really spoke volumes in terms of why a minimum sentence would demean the seriousness of the offense.
 {¶ 26} "* * *
 {¶ 27} "With regard to the maximum sentence being imposed, again, I have to rely on what I said back at the original sentencing on this matter. That, you know, I think this is the worst form because, again, we have an individual who is dead, a second individual that's seriously injured, and that to impose a lesser sentence — and, in fact, the felony of the third degree had been reduced from a higher level.
 {¶ 28} "It was a stipulated lesser offense. So, there had been some benefit given in terms of even the range of sentences what were available to me at that point in time.
 {¶ 29} "With regard to the sentences being imposed consecutively * * * I think that is what I said at the time of the original sentencing. Again, it seemed to me that there were two distinct victims of this offense, and to not impose a consecutive sentence would not be proper.
 {¶ 30} "It appeared to me that it certainly is not a disproportionate sentence to the conduct that was displayed in this case. And also the fact that, again, it seems obvious to me that it just does not adequately reflect the seriousness of the offense that was committed, and that is why the maximum sentences were imposed. That is why they were imposed consecutively." (Oct. 18, 2002 Tr. at 7-9.)
 {¶ 31} Additionally, on the felony sentencing worksheet, the trial court found the following sentencing factors, pursuant to R.C. 2929.12. Under the "More Serious" factors, the trial court marked "2. The victim suffered serious physical psychological, or economic harm; 2 victims"[2]
and "9. Any other factor: defendant under influence of alcohol at time." Under "Recidivism Likely" the trial court marked "4. Failure to acknowledge pattern of drug or alcohol abuse that is related to the offense; 5. No genuine remorse. 6. Any other factor: Self pity/Selfishness."
 {¶ 32} Pursuant to an entry journalized October 25, 2002 (hereinafter "judgment entry"), the trial court imposed the statutory maximum prison term of five years for aggravated vehicular homicide and the statutory maximum prison term of 18 months for aggravated vehicular assault, the sentences to be served consecutively. The judgment entry stated as follows with respect to the imposition of consecutive sentences:
 {¶ 33} "The Court further finds that the consecutive sentence are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the [defendant's] conduct and to the danger the [defendant] poses to the public. The Court further finds that:
 {¶ 34} "(1) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 35} "(2) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 36} Upon review, we conclude the sentences imposed by the trial court comply with the statutory mandates. First, the trial court made the required findings as to maximum and consecutive sentences. With respect to the maximum sentence, while not uttering the "magic words," it is clear from the transcript the trial court made the required finding that, in her experience, this was the worst form of the offense. Moreover, the trial court was only required to make one of the findings set forth in R.C. 2929.14(C). As to consecutive sentences, the trial court stated, verbatim, the statutory language of R.C. 2929.14(E) in the judgment entry.[3]
 {¶ 37} Furthermore, the record reveals the trial court articulated reasons for its findings as to the imposition of maximum and consecutive sentences. At sentencing, the trial court noted the death and serious physical injury sustained by the victims was due to defendant being under the influence of alcohol at the time of the automobile accident. As such, the trial court expanded upon its analysis in Clark I where the trial court focused solely upon the victims' respective injuries when considering the seriousness of the offense. Moreover, on the worksheet, the trial court considered the relevant seriousness and recidivism factors outlined in R.C. 2929.12. As such, the trial court expressed its reasons for the imposition of maximum and consecutive sentences.
 {¶ 38} Finally, the record clearly reveals the trial court complied with R.C. 2929.11 and 2929.12 when it imposed a term of imprisonment for the aggravated vehicular homicide, a third degree felony. As has already been stated, the trial court placed the most weight on this offense being more serious. The trial court noted on the worksheet the fact defendant was under the influence of alcohol at the time of the accident. Moreover, defendant's actions resulted in the death of one victim and the serious, permanent, physical injuries of the second victim. Further, the trial court concluded defendant failed to recognize a problem with alcohol, did not demonstrate genuine remorse and expressed self pity and selfishness. As a result, the trial court placed the most weight on recidivism likely.
 {¶ 39} For the foregoing reasons, and because we find no error in the trial court's resenting, defendant's first, second and third assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.
[1] The factual history of this case is included in our opinion ruling upon defendant's first appeal.
[2] The PSI contains the interview notes with Roger Crabtree, the victim who survived the accident. He states "he is still troubled physically due to his injuries. He is unable to walk without a cane. He fatigues easily and is constantly in pain. * * * He suffers from anxiety and has been diagnosed with Post-Traumatic Stress Disorder." (PSI at 5.)
[3] It should be noted defendant concedes the trial court made the R.C. 2929.14(E) required findings.