OPINION
{¶ 1} Defendant Jeremy Scott Lint appeals a judgment of the Court of Common Pleas of Stark County, Ohio, imposing the maximum sentence for one count of theft in violation of R.C. 2913.02. Appellant had entered a plea of guilty and was referred for pre-sentence investigation. Subsequently, appellant failed to appear at the initial sentencing hearing, but later turned himself in. The trial court sentenced him to the maximum twelve month sentence. From this, appellant assigns a single error to the trial court:
 {¶ 2} "The Trial Court Erred In Imposoing The Maximum Sentence On The Appellant."
 {¶ 3} During the pendency of this case, the Ohio Supreme Court announced its decision in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. In Comer, the Supreme Court held a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. Comer dealt with R.C. 2929.14(B) and (E)(4), and R.C. 2929.19(B)(2)(c). This case deals with R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d). However, the Supreme Court's opinion indicates its holding is not limited to cases likeComer, but rather, applies generally to all sentencing.
 {¶ 4} R.C. 2929.14(C) requires the trial court to make certain findings when it imposes a maximum sentence. The trial court may impose a maximum sentence only upon offenders who have committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders, and upon certain repeat violent offenders. This court has interpreted the statute to be in the disjunctive, see State v. Comersfords (June 3, 1999), Delaware Appellate No. 98CA01004. Thus, the trial court may impose the maximum sentence if it finds any one of the listed offender categories applies.
 {¶ 5} At the sentencing hearing, the trial court stated it must review the requirements of R.C. 2929.14(B). The trial court properly stated on the record the shortest prison term would demean the seriousness of appellant's conduct in light of his prior record, and also the shortest prison term would not adequately protect the public from future crimes by appellant and by others. This satisfies the requirements of R.C. 2929.14(B).
 {¶ 6} However, the trial court did not make the requisite findings required by R.C. 2929.14(C).
 {¶ 7} We have reviewed the transcript of the sentencing hearing, and we find the trial court did not comply with the requirements announced by the Supreme Court in Comer, supra.
 {¶ 8} The assignment of error is sustained.
 {¶ 9} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.