OPINION
{¶ 1} Appellant Andrew Kennedy appeals the decision of the Stark County Court of Common Pleas, which sentenced him following pleas of guilty to two felony trafficking charges. The relevant facts leading to this appeal are as follows.
 {¶ 2} In November 2002, appellant was indicted by the Stark County Grand Jury on two counts of trafficking in cocaine (R.C.2925.03(A)(1)(C)(4)(a)). On January 17, 2003, appellant appeared with counsel and entered pleas of guilty to both counts, at which time the trial court ordered a pre-sentence investigation. A sentencing hearing was thereupon scheduled for February 24, 2003. However, appellant failed to appear for sentencing, resulting in a capias for his arrest.[1] Upon appellant's return to the court on June 9, 2003, following his arrest, he was sentenced to twelve months on each trafficking count, to be served consecutively, for a total of twenty-four months.
 {¶ 3} Appellant timely appealed, and herein raises the following sole Assignment of Error:
 {¶ 4} "I. The court erred in imposing a maximum consecutive sentence on the drug charges where none of the factors listed in2929.14(C) apply and in imposing consecutive sentences is (sic) contrary to law under R.C. Sec. 2929.14(E)(4)."
 I. {¶ 5} In his sole Assignment of Error, appellant challenges both the maximum and consecutive components of his sentence. We will address each in turn.
 Maximum Sentences {¶ 6} Appellant was sentenced to twelve months on each count, the maximum for each fifth-degree felony. See R.C. 2929.14(A)(5). Under Ohio's felony sentencing provisions, R.C. 2929.14(C) sets forth the following conditions under which a trial court may impose the maximum: "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." We read this statute in the disjunctive. See State v. Comersford
(June 3, 1999), Delaware App. No. 98CA01004. Consequently, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply. Additionally, a trial court must state its reasons supporting a R.C. 2929.14(C) maximum sentence finding. R.C. 2929.19(B)(2)(d), (e). See, also, State v.Newman, 100 Ohio St.3d 24, 25, 2003-Ohio-4754, ¶ 2, O'Connor, J., concurring; State v. Lint, Stark App. No. 2003CA00159, 2003-Ohio-6020.
 {¶ 7} In the case sub judice, the trial court made a finding on the record that appellant "pose[d] the greatest likelihood to commit future crimes * * *." Tr., Sentencing Hearing, at 13. The court's stated reasons behind said findings were appellant's prior imprisonment and the separate animus as to each of the two present trafficking charges. Id. The trial court additionally noted the following in this regard:
 {¶ 8} "I have reviewed the indictment, the Bill of Particulars, and I find that both of these crimes were committed on separate days. They were not committed on the same day. They are not part of a continuing course of action. Therefore I am going to look at them independently.
 {¶ 9} "I have also reviewed your record, and I find that you have a previous felony, Case No. 2001CR0865, disrupting public services and breaking and entering. That was here in the Stark County Court of Common Pleas in November 9 of 2001.
 {¶ 10} "You were sentenced in regard to that 6 months on each of these and you served your prison term. Therefore, this is not your first prison term." Tr., Sentencing Hearing, at 11-12.
 {¶ 11} In order to modify or vacate his sentence on appeal, appellant bears the burden of demonstrating, by clear and convincing evidence, that the trial court erred in imposing the maximum sentence. See State v. Johnson, Washington App. No. 01CA5, 2002-CA-2576, citing Griffin Katz, Ohio Felony Sentencing Law (2001 Ed.) 725, § T 9.16. Based on the foregoing, the trial court sufficiently stated its findings and reasons under R.C. 2929.14(C), and we find appellant has failed to demonstrate a reversible maximum sentence error under the circumstances of this case.
 Consecutive Sentences {¶ 12} R.C. 2929.14(E)(4) provides: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 13} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 14} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 15} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 16} In imposing consecutive sentences, the trial court, at the sentencing hearing, is required to orally make its findings and state its reasons on the record. See State v. Comer,99 Ohio St.3d 467, 2003-Ohio-4165.
 {¶ 17} In the case sub judice, the trial court made the first two findings under R.C. 2929.14(E)(4), i.e., that the sentences were needed to protect the public from future crime or to punish appellant, and the sentences were not disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public. Tr., Sentencing Hearing, at 18.
 {¶ 18} However, the crux of appellant's argument goes to whether the trial court properly relied on R.C. 2929.14(E)(4)(c). We note the trial court stated, in reference to the original sentencing hearing of February 24, 2003, from which appellant fled: "I was going to look at the PSI and I was going to make my determination. I read the PSI and told your [original] counsel it was going to be 12 months on each one, I was going to run them concurrently." Tr., Sentencing Hearing, at 13, emphasis added. Appellant contends this reveals the trial court would have issued a concurrent sentence, but for his flight from the courtroom on February 24, 2003. According to appellant, this scenario does not support the court's R.C. 2929.14(E)(4)(c) finding that "your prior criminal history shows the need to protect the public." Tr., Sentencing Hearing, at 18.
 {¶ 19} Flight from justice "means some escape or affirmative attempt to avoid apprehension." State v. Wesley, Cuyahoga App. No. 80684, 2002-Ohio-4429, citing United States v.Felix-Gutierrez (C.A. 9, 1991), 940 F.2d 1200, 1207. In a related vein, the Ohio Supreme Court has held that flight from justice, and its analogous conduct, may be indicative of consciousness of guilt. State v. Eaton (1969), 19 Ohio St.2d 145, 146, paragraph six of the syllabus, vacated in part on other grounds (1972),408 U.S. 935. Similarly, under the circumstances of this case, we find appellant's flight from justice of February 24, 2003 was properly considered as part of his "criminal history," even though appellant was apparently not criminally charged as a result of his flight. Thus, we hold appellant's prior acts of fleeing, in addition to his 2001 convictions (see Tr. at 12, supra), were sufficient reasons on which the court could base its finding under R.C. 2929.14(E)(4)(c).
 {¶ 20} Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Farmer, P.J., concurs.
Edwards, J., dissents.
[1] According to appellant's later recount of the events, he had the impression from his first attorney that he would receive no prison time. When said attorney later told him he could get "the max," appellant got scared and ran. See Tr., Sentencing Hearing, at 10.
 DISSENTING OPINION