OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Larry J. Goins, filed May 13, 2005. On May 12, 2005, Goins entered a no contest plea to a charge, pursuant to R.C. 4549.02, of failure to stop after an accident, a misdemeanor of the first degree. Four other charges were dropped, namely operating a vehicle without a valid license, pursuant to R.C. 4510.12, failure to comply with Section 71.46 of the Dayton Revised Code of General Ordinances, concerning Goins' failure to yield or stop while entering the roadway, driving under financial responsibility law suspension or cancellation, pursuant to R.C.4510.16, and failure to reinstate a license, pursuant to R.C. 4510.21.The events giving rise to this matter occurred on January 7, 2005. Goins drove his vehicle from an alley in downtown Dayton, Ohio, onto North Main Street, where he struck another car that was traveling southbound. He was later stopped in Miamisburg and found to be intoxicated. Goins had five previous citations for driving under the influence on his record, thus he was charged with felony D.U.I. based upon the Miamisburg arrest. Goins record also revealed that he spent time in jail on three separate matters, once for driving without a license, once on a tax matter, and once for underage sale of liquor to a minor.
 {¶ 2} Goins has several health problems which he brought to the court's attention at sentencing. He has had three heart attacks and he uses a defibrillator. Goins has had problems with his kidneys. At the time of sentencing, he maintained that he had prostate, as well as triple by-pass surgeries, pending. He was also suffering from an infected sweat gland. Goins takes 18-21 pills per day for his heart. He is unemployed, and his only income is from Social Security in an amount of $835.00 per month.
 {¶ 3} Goins was sentenced to 180 days in jail, with 120 days suspended. The court suspended a $100.00 fine and ordered Goins to pay court costs and restitution. He was placed on unsupervised probation not to exceed one year. His sentence was stayed pending this appeal.
 {¶ 4} Goins first assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED IN SENTENCING MR. GOINS IN THAT IT DID NOT TAKE INTO CONSIDERATION RELEVANT MITIGATING FACTORS, INCLUDING THE HEALTH AND FINANCIAL SITUATION OF THE DEFENDANT, THE CONCLUSIONS DRAWN IN THE PRESENTENCING REPORT, AND THE ARGUMENTS OF COUNSEL"
 {¶ 6} "An appellate court will not disturb a sentence unless there exists clear and convincing evidence that the trial court abused its discretion and gave a defendant a sentence contrary to law. Clear and convincing evidence is evidence that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Generally, a trial court does not abuse its discretion when it imposes a sentence that is authorized by statute." State v. Reid, Clark App. No. 205-CA-30, 2006-Ohio-424.
 {¶ 7} A sentencing court is guided by the "overriding purposes of misdemeanor sentencing" which are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, or the victim and the public." R.C. 2929.21(A). The sentence imposed must be "reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).
 {¶ 8} A sentencing court "has discretion to determine the most effective way to achieve the purposes and principles of sentencing." R.C. 2922.22(A). The sentencing court must consider the following factors: "(a) [t]he nature and circumstances of the offense * * *; (b) [w]hether the circumstances regarding the offender and the offense * * * indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense; (c) [w]hether the circumstances regarding the offender and the offense * * * indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences; (d) [w]hether the victim's youth, age, disability, or other factors made the victim particularly vulnerable to the offense or made the impact of the offense more serious; (e) [w]hether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section." R.C.2929.22 (B). "Before imposing a jail term as a sentence for a misdemeanor, a court [must] consider the appropriateness of imposing a community control sanction or a combination of community control sanctions." R.C. 2929.22(C). The maximum jail term for a misdemeanor of the first degree is 180 days. R.C.2929.24(1).
 {¶ 9} At sentencing, the court asked Goins for documentation of his health problems, and Goins provided a list of his upcoming doctors' appointments but no documentation of scheduled surgeries. The court indicated that it was willing to attempt to arrange a release for Goins so that he could attend a doctor's appointment on May 23. Goins argues that his sentence should be consistent with the recommendation in his presentence investigation report, which was 90 days in the Electronic Home Detention Program plus restitution. It is unclear how Goins obtained information regarding any presentence recommendation, as a trial court must "not permit the defendant or the defendant's counsel to read * * * [a]ny recommendation as to sentence." R.C.2951.03. We recognize, however, that many courts share the recommendation with the prosecutor and defense counsel. Further, "a trial court is not bound by a probation officer's recommendations, but should consider [them] a factor." State v.Krause, Richland App. No. 2004-CA-74, 2005-Ohio-1058.
 {¶ 10} Goins' sentence is within statutory guidelines. There is no evidence in the record that the trial court did not consider Goins' health, finances, or the presentence investigation report. Other significant facts before the court included Goins' lack of a valid driver's license, his causation of an accident, his failure to subsequently stop, and his intoxication, not to mention his record of numerous alcohol-related offenses. The probation officer who completed the presentence investigation report noted that "[t]his officer believes [Goins] is a liability and risk to the community." The limited jail term of 60 days is appropriate punishment and serves to protect the public. Goins' previous history, including alcohol-related offenses, indicates that Goins may commit further crimes and thereby endanger himself and others. Clearly, the court considered Goins' financial situation; it waived his fine. Goins did not object to the imposition of restitution at his sentencing, and any such objection is now waived. State v.Awan, 22 Ohio St.3d 120, 122, 489 N.E.2d 277. The imposition of court costs is mandatory. R.C. 2947.23. There being no abuse of discretion, Goins' first assignment of error is overruled.
 {¶ 11} Goins' second assignment of error is as follows:
 {¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING MR. GOINS TO 60 DAYS IN PRISON BECAUSE THE SENTENCE WOULD PREVENT MR. GOINS FROM RECEIVING NECESSARY MEDICAL TREATMENT THUS VIOLATING THE PROTECTIONS AFFORDED HIM BY THE EIGHTH AMENDMENT'S PROHIBITION ON CRUEL AND UNUSUAL PUNISHMENT, MADE APPLICABLE TO THE STATES THROUGH THE FOURTEENTH AMENDMENT."
 {¶ 13} "[T]he sheriff shall furnish, at the expense of the county, necessities for all the prisoners and other persons confined in his jail. These necessities include medical expenses both in the jail and hospital confinement." University Hospitalsof Cleveland v. City of Cleveland (1971), 28 Misc. 134, 138
(citing R.C. 753.02). There was no evidence before the court that the sheriff could not provide for Goins' medical needs. Goins failed to furnish the court with the dates of his upcoming surgeries or documentation of his medical conditions. An eighteen month sentence imposed upon a defendant for his third felony theft conviction was held not to constitute cruel and unusual punishment, even though the defendant's right leg had been amputated above the knee, his face had been reconstructed, and he was confined to a wheel chair. State v. O'Shannon (1988),44 Ohio App.3d 197. "The legislature did not see fit to provide for lesser sentences for persons with extensive health problems or to `license' the medically handicapped to commit * * * offenses without being subject to the same treatment as other committing such offenses." Id. "While [Goins], because of his handicaps, may suffer greater hardships in prison than one without such disabilities, these hardships are not a result of his conviction or imprisonment but are the result of his physical and mental conditions which are essentially the same whether [Goins] is incarcerated or not. As long as [Goins'] medical needs are met during incarceration (and there is no reason to believe that they will not be met), the imposition of [a sixty-day] sentence cannot constitute cruel and unusual punishment." Id.
 {¶ 14} Goins' second assignment of error is overruled, and the judgment of the trial court is affirmed.
Brogan, J., and Fain, J., concur.